# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

| | |
|---|---|
| ELECKTRA HAMZAT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CA No. 1:23-CV-460-CMH/JFA |
| ) | |
| PETER OSVALDIK & T-MOBILE USA, INC. ) | |
| ) | |
| ) | |
| Defendants. ) | |
| ) | |

## **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

Defendants Peter Osvaldik ("Mr. Osvaldik") and T-Mobile USA, Inc. ("T-Mobile") submit this Memorandum in Support of their Motion to Dismiss.

### I.  INTRODUCTION

In her Complaint, Plaintiff, a current T-Mobile customer, alleges that T-Mobile and its Executive Vice President & Chief Financial Officer Mr. Osvaldik somehow committed a breach of contract by continuing to bill her for cell phone service after she sent letters discharging her obligation to pay for this service. Critically absent from the Complaint are any facts that could plausibly establish the elements of a breach of contract claim. Indeed, Plaintiff advances no facts evidencing the existence of a valid contract supported by consideration between Plaintiff and T-Mobile or Mr. Osvaldik extinguishing Plaintiff's duty to pay for her cell phone service. Plaintiff's Complaint amounts instead to nothing more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). As a result, Plaintiff does not state a claim for relief under Supreme Court precedent, and the Court should grant T-Mobile and Mr. Osvaldik's Motion to Dismiss.

## II. SUMMARY OF THE COMPLAINT ALLEGATIONS

Plaintiff's Complaint is barebones, consisting of a single claim for breach of contract. The entirety of Plaintiff's description of that claim states as follows:

> Breach of contract. The existence of a contract; Performance has been performed by the plaintiff; Failure to perform the contract by the defendant; and Plaintiff seeking damages. I signed the agreement AKA the application which is a contract, the application is secured collateral, I am claiming the secured collateral for the principal's balance, plaintiff performed contractual obligations. Defendant has neglected to perform contractual obligations.

Doc. 1 at 4. Plaintiff attaches the alleged application forming the basis of her breach of contract claim, namely four letters dated January 28, 2023, March 1, 2023, March 15, 2023, and March 31, 2023 that she signed and sent to T-Mobile's President & Chief Executive Officer Mike Sievert. Doc. 1-1 at 1, 9, 12, and 14. Each of the four letters contain nearly identical language, instructing Messrs. Osvaldik or Sievert to offset indefinitely the amount Plaintiff owes T-Mobile for her monthly cell-phone service. *Id.* In particular, Plaintiff demands that T-Mobile "Apply Principal balance To account #964686967 Each and every billing cycle for set-Off," "Giv[e] [Plaintiff] notice [t]hat instructions have been received and applied," and "If no response is received by Plaintiff in 5 business days [she] can assume the instructions have been completed." *Id.* Plaintiff also attaches to the Complaint two letters dated February 15, 2023 and March 20, 2023 that T-Mobile sent Plaintiff in response, informing Plaintiff that her letters did not constitute a valid form of payment, and as such, T-Mobile had not credited her account with this payment. Doc. 1-1 at 16, 18. Notwithstanding the complete dearth of any actual injury or harm, Plaintiff seeks more than $60 million in damages. Doc. 1 at 4.

## III. LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter which, if accepted as true, plainly sets forth a claim to relief that is plausible on its face." *Iqbal*, 556 U.S.

2

at 678 (internal citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to satisfy a plaintiff's burden under Rule 12(b)(6). *Id.* "The Court 'may consider documents attached to the complaint . . . so long as they are integral to the complaint and authentic.'" *Miffin v. Selene Fin. LP*, Civil Action No. 3:19-cv-64, 2019 U.S. Dist. LEXIS 98225, *5 (E.D. Va. June 10, 2019) (quoting *Rockville Cars, LLC v. City of Rockville*, 891 F.3d 141, 145 (4th Cir. May 24, 2018)).

## IV. ARGUMENT

### A. Plaintiff Fails to State a Claim for Breach of Contract

The gist of Plaintiff's complaint appears to be that her signed letters constitute legal tender sufficient to discharge her obligation to pay for her monthly cell-phone service and that T-Mobile and Mr. Osvaldik somehow committed a breach of contract by continuing to bill her for this service. Courts have consistently rejected similar claims at the motion to dismiss stage. For example, in *France v. Mackey*, Plaintiff created, signed, and delivered to Defendant a Credit Agreement Payoff Security, which Plaintiff claimed to be legal tender sufficient to discharge his monthly mortgage payments. No. 2:20-cv-2424-BHH-MHC, 2020 U.S. Dist. LEXIS 204242, at *10-11 (D.S.C. Oct. 7, 2020), *adopted by* 2020 U.S. Dist. LEXIS 2020892 (D.S.C. Oct. 30, 2020). Plaintiff asserted claims, including breach of contract, because Defendant continued to accept monthly mortgage payment from Plaintiff after delivery of this promissory note. *Id.* at *12-14. In dismissing the complaint, the court aptly noted that "[c]ourts around the nation have rejected similar claims, concluding that promissory notes like Plaintiff's Credit Agreement Payoff Security are not legal tender and cannot be used to discharge mortgage or other debts." *Id.* at *14; *see also Bryant v. Wash. Mut. Bank*, 524 F. Supp. 2d 753, 760 (W.D. Va. Dec. 19, 2007) (dismissing complaint, including a claim for breach of contract, premised on Plaintiff's payment of a mortgage

3

using a Bill of Exchange and highlighting that the Bill of Exchange was not legal tender "but rather a worthless piece of paper"); *Godbolt v. Worral*, No. 20-30143, 2021 U.S. Dist. LEXIS 249554, at *6 (D. Mass. May 11, 2021) (finding that "the legal premise at the heart of Plaintiff's complaint is specious" because "[t]here is simply no legal basis for his assertion that his so-called 'Credit Agreement Payoff Security Instrument' is legal tender that could be used to discharge the mortgage"); *Johnson v. Santander Consumer USA*, CASE No. 2:17-cv-02937-JTF-dkv, 2018 U.S. Dist. LEXIS 79026, at *5-6 (W.D. Tenn. May 10, 2018) (dismissing claims based on an "assertion that the tender of a non-legal promissory note discharged Plaintiff's debt" and highlighting that "[a] borrower may not absolve an obligation by attempting to offer to pay the Defendant in a form other than U.S. currency.")

Here, Plaintiff fails to state a claim for breach of contract. "Under Virginia law, a cause of action for breach of contract requires 'the existence of a duly executed and enforceable agreement; performance or offers to perform by plaintiffs; that defendants failed to perform; that the breaches caused actual damages; and that those damages are recoverable under Virginia law.'" *Rossmann v. Lazarus*, 1:08cv316 (JCC), 2008 U.S. Dist. LEXIS 78928, *9-10 (E.D. Va. Oct. 7, 2008) (quoting *Johnson v. D & D Home Loans Corp.*, Civil Action No. 2:07cv204, 2008 U.S. Dist. LEXIS 24114, at *18-19 (E.D. Va. Jan. 23, 2008)).

Plaintiff has failed to plead any facts evidencing that her letters constitute an enforceable contract with T-Mobile or Mr. Osvaldik. "A valid contract in Virginia requires 'an offer, acceptance, and consideration.'" *Henderson v. Truist Bank*, Civil Action No. 1:22-cv-00341 (RDA/JFA), 2022 U.S. Dist. LEXIS 218912, at *13 (E.D. Va. Dec. 5, 2022) (quoting *Neil v. Wells Fargo Bank, N.A.*, 596 F. App'x 194, 196 (4th Cir. 2014) (citations omitted)). At best, Plaintiff's letters constitute a demand that T-Mobile stop charging Plaintiff for her monthly cell-phone service

4

not a valid contract. Critically, Plaintiff advances no facts evidencing that T-Mobile or Mr. Osvaldik assented to Plaintiff's demand or that Plaintiff provided T-Mobile with valuable consideration in exchange for T-Mobile's alleged discharge of her payment obligations. In fact, the two T-Mobile letters that Plaintiff attaches to her complaint evidence that her offer was expressly rejected. Indeed, T-Mobile responded that Plaintiff's letters did not constitute a valid form of payment, and as such, T-Mobile had not credited Plaintiff's account with this payment. Doc. 1-1 at 16, 18. In addition, Plaintiff fails to advance any facts showing that T-Mobile and Mr. Osvaldik failed to perform their duties under any valid contract with Plaintiff. Nor does Plaintiff advance any facts showing that Plaintiff performed her duties under any valid contract with T-Mobile and Mr. Osvaldik. Accordingly, this Court should dismiss the Complaint under Rule 12(b)(6).

### B. Any Other Claims Should Be Dismissed for Failure to State a Claim

Plaintiff advances one claim in the Complaint, namely breach of contract. Doc. 1 at 4. Nonetheless, in the Basis for Federal Question Jurisdiction section of the Complaint, Plaintiff lists the following laws without explanation: 12 U.S.C. § 226; 12 U.S.C. § 411; 12 U.S.C. § 504(d); 12 U.S.C. § 1431; 15 U.S.C. § 1615, and Bill of Exchange Act. *Id.* and 3. To the extent the Court construes the Complaint as including claims based on alleged violations of these laws, those claims, too, should be dismissed under Rule 12(b)(6) for failure to state a claim. Plaintiff fails to provide any facts let alone sufficient facts that would plausibly establish the elements of these claims. Accordingly, to the extent the Court construes the Complaint as including claims for violation of 12 U.S.C. § 226; 12 U.S.C. § 411; 12 U.S.C. § 504(d); 12 U.S.C. § 1431; 15 U.S.C. § 1615; and the Bill of Exchange Act, these claims should be dismissed under Rule 12(b)(6). *See, e.g.*, *Mayfield v. Bank of America N.A.*, CIVIL ACTION FILE NO. 1:10-CV-00707-ODE-GGB,

2010 U.S. Dist. LEXIS 156209, *15-16 (N.D. Ga. Nov. 4, 2010) (dismissing claims based on a listing of statutes and highlighting that "Plaintiff's mere citation of a list of statutes is not sufficient to meet [the Iqbal/Twombly] standard, without any allegation of facts that would plausibly establish the elements of these claims."), *adopted by*, 2011 U.S. Dist. LEXIS 167926 (N.D. Ga., Jan. 20, 2011); *Cranman v. OneWest Bank F.S.B.*, CIVIL ACTION FILE NO. 1:10-CV-0775-TWT-GGB, 2010 U.S. Dist. LEXIS 126596, *15 (N.D. Ga. Nov. 1, 2010) (same), *adopted by*, 2010 U.S. Dist. LEXIS 126598 (N.D. Ga. Nov. 30, 2010).

**II.   CONCLUSION**

For the reasons stated above, T-Mobile and Mr. Osvaldik respectfully request that this Court dismiss the Complaint in its entirety.

Dated:  May 2, 2023

Respectfully submitted,

*/s/ Anastasia Uzilevskaya*
Mihir Elchuri, Esq. (VSB No. 86582)
Anastasia Uzilevskaya, Esq. (VSB No. 92577)
HIRSCHLER FLEISCHER, PC
1676 International Dr., Suite 1350
Tysons Corner, Virginia  22102
T:  (703) 584-8916
F:  (703) 584-8901
Email:  melchuri@hirschlerlaw.com
Email:  auzilevskaya@hirschlerlaw.com

*Counsel for Defendants T-Mobile USA, Inc.
& Peter Osvaldik*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 2, 2023 a true and correct copy of the foregoing was filed electronically with the Clerk of this Court using the CM/ECF system and a hard-copy was mailed via first class mail to Pro Se Plaintiff at the following address:

Elecktra Hamzat
1100 Wythe St., #25082
Alexandria, VA 22314
(202) 937-5070

                                             */s/ Anastasia Uzilevskaya*
                                             Mihir Elchuri, Esq. (VSB No. 86582)
                                             Anastasia Uzilevskaya, Esq. (VSB No. 92577)
                                             HIRSCHLER FLEISCHER, PC
                                             8270 Greensboro Drive, Suite 700
                                             Tysons Corner, Virginia  22102
                                             T:  (703) 584-8916
                                             F:  (703) 584-8901
                                             Email:  melchuri@hirschlerlaw.com
                                             Email:  auzilevskaya@hirschlerlaw.com

                                             *Counsel for Defendants T-Mobile, USA, Inc.*
                                             *& Peter Osvaldik*

16047630.1  045518.00009